# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE SMITH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OLUSSEYI AYODELE,<br><br>　　　　　Defendant. | Case No. 1:24-cv-01562-BAM<br><br>ORDER CONSTRUING PLAINTIFF'S LODGED AMENDED COMPLAINT AS MOTION FOR LEAVE TO AMEND<br>(Doc. 9)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND<br><br>ORDER DIRECTING CLERK OF COURT TO FILE AMENDED COMPLAINT LODGED ON MARCH 18, 2025 AS THIRD AMENDED COMPLAINT<br>(Doc. 9) |

　　　　Plaintiff Candace Smith ("Plaintiff"), proceeding pro se and in forma pauperis, initiated this civil action on December 18, 2025. (Doc. 1.)  Plaintiff filed a signed first amended complaint on February 7, 2025.  (Doc. 6.)

　　　　On February 18, 2025, the Court screened Plaintiff's first amended complaint pursuant to 28 U.S.C. § 1915(e)(2).  The Court determined that the amended complaint failed to comply with Federal Rule of Civil Procedure 8 and failed to state a cognizable claim for relief.  The Court granted Plaintiff leave to amend her complaint to cure the identified deficiencies within thirty

1

(30) days.  (Doc. 7.)

On March 12, 2025, Plaintiff filed a second amended complaint.  (Doc. 8.)  Before the Court could screen the amended complaint under §1915(e)(2), Plaintiff lodged a proposed third amended complaint.  (Doc. 9.)  In an abundance of caution, and because Plaintiff is proceeding pro se, Plaintiff's lodged amended complaint is construed as a motion for leave to file a third amended complaint.

Federal Rule of Civil Procedure 15(a) provides that a court "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. —the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  The intent of the rule is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Center of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011). Consequently, the "policy of favoring amendments to pleadings should be applied with 'extreme liberality.'" *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981).

Courts consider five factors in determining whether justice requires allowing amendment under Rule 15(a): "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citation omitted); *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (citing *Western Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991)). These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor in determining whether to grant leave to amend.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) ("Prejudice to the opposing party is the most important factor.").  Absent prejudice, or a strong showing of any of the remaining factors, a

presumption exists under Rule 15(a) in favor of granting leave to amend. *Eminence Capital*, 316 F.3d at 1052.

Here, no defendant has been served or appeared in this action.  As a result, no defendant will be prejudiced by further amendment of the complaint.  Plaintiff has not unduly delayed in seeking to amend, there is no indication that any amendment is brought in bad faith, and any futility of amendment will be addressed upon screening of the amended complaint.  The Court previously granted Plaintiff leave to amend, but has not yet screened any amended complaint.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's lodged amended complaint, (Doc. 9), is CONSTRUED as a motion for leave to file a third amended complaint.
2. Plaintiff's motion for leave to file a third amended complaint, (Doc. 9), is GRANTED.
3. The Clerk of the Court is DIRECTED to file the amended complaint lodged on March 18, 2025, (Doc. 9), as the third amended complaint.
4. Plaintiff's third amended complaint will be screened in due course.

IT IS SO ORDERED.

Dated:   **April 8, 2025**                    /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE

3