UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDACE SMITH,<br><br>             Plaintiff,<br><br>      v.<br><br>OLUSSEYI AYODELE,<br><br>             Defendant. | Case No.  1:24-cv-01562-BAM<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION (Doc. 11)<br><br>**FOURTEEN-DAY DEADLINE** |

   Plaintiff Candace Smith ("Plaintiff"), proceeding pro se and in forma pauperis, initiated this action on December 18, 2025.  (Doc. 1.)  However, Plaintiff's complaint was unsigned. Accordingly, on February 4, 2025, the Court struck the unsigned complaint and directed Plaintiff to file a signed complaint within thirty days.  (Doc. 5.)  Plaintiff filed a signed first amended complaint on February 7, 2025.  (Doc. 6.)  On February 18, 2025, the Court screened Plaintiff's complaint and granted her leave to amend.  (Doc. 7.)  On March 12, 2025, Plaintiff filed a second amended complaint.  (Doc. 8.)  Before the Court could screen the second amended complaint, Plaintiff lodged a proposed third amended complaint.  (Doc. 9.)  On April 9, 2025, the Court construed the lodged amended complaint as a motion for leave to file a third amended complaint, granted the motion, and directed the Clerk of the Court to file the amended complaint as the third amended complaint.  (Doc. 10.)  Plaintiff's third amended complaint is currently

1

before the Court for screening. (Doc. 11.)

## I. Screening Requirement and Standard

The Court screens complaints brought by persons proceeding in pro se and in forma pauperis. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal,* 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II. Summary of Plaintiff's Allegations

Plaintiff names Olusseyi Ayodele as the sole defendant in this action. Plaintiff utilized this Court's complaint form to prepare her third amended complaint. In the section of the form regarding the basis of this Court's jurisdiction, Plaintiff alleges federal question. (Doc. 11 at 3.) Plaintiff also asserts the following as the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue: "Violation of Rights Racceteering & Gang Influence Robbery group." (*Id.* at 4.) In the statement of claim section of the form, Plaintiff wrote in the margins, with various arrows pointing to different sections of the page,

2

making her allegations difficult to read and understand. As best as the Court can determine, Plaintiff alleges:

> Violation of civil rights with intend to murder for finanical gain. Identity theft & Robbery. Violently attack plaintiff and family with violent murders unapprehended. Used tear gas, Fear spray, cocaine, herion, meth & other chemicals to murder using nurse license as a manipulative device. March 14, 2024 enter into hotel room & drugged food and bedsheets. Sent hitmen to murder me is believe to be with a racceteeering theft & gor group. Sent cop to rape & steal baby's drug after paid car crash. Caused me to fall from stair way in hotel & manger @ university inn helped her Initial acts of terror. Sending and having young girls [illegible] boys raped & murder. Purposely & intentionally infecting cops & wives w/c hiv. Dangerously attack myself & innocent people. Racteeering & trying kidnapping stealing children out of hospital to murder my children. Holding hostage & murdering people w/c filthy child porn & chemicals made in her cave. Upon such entering schools as a high school student in class to spread Hive to children. Vilation of civil rights.

(*Id.* at 5.) Plaintiff also alleges: "Decieve Beyonce to buy my things. Burned down house 719 N Fowler. Robbed & Stolen my things Sold all items to Beyonce for 5 million Started business from my proceed paid Indians & others to murder me." (*Id.*) Plaintiff further alleges:

> Uniformed a Indian group of mitary people against me & has them following & stalking me while she robbed my car [illegible] them to put in movie. Intentionally set up murder has a millatry group to drugged, raped & shot my brother & sister w/o dope. Caused mental illness to family in intent to break in entry home.

(*Id.*) On a separate sheet of paper, Plaintiff states: "(1) took and sold nude photos unaware (2) used child porn to manipulate and shoot cops (3) set up the cops and passed them Hiv & wives (4) Robbed & me & others (5) Greed motivation." (*Id.* at 6.) In the relief section of the form, Plaintiff seeks punitive and monetary damages, medical bills, and return of items. (Doc. 11 at 7.)

### III.   Discussion

#### A.   Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a

1  claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–557.

Plaintiff's third amended complaint is not a plain statement of her claims. While short, Plaintiff's complaint is disjointed and difficult to understand. She also does not clearly state what happened, when it happened, and who was involved. Without a clear, concise statement of the factual allegations, the Court cannot conclude that Plaintiff states a cognizable claim for relief. Despite being provided with this pleading standard, Plaintiff has been unable to cure the deficiencies in her claim.

### B. Violation of Civil Rights

Plaintiff seeks to assert a claim for "violation of [her] civil rights." (Doc. 11 at 5.) Title 42 U.S.C. § 1983 is the "mechanism for plaintiffs to vindicate their federal civil rights through federal law." *Hogan v. Robinson*, No. CIV-F-03-6408-AWI-LJO, 2005 WL 8176432, at *8 (E.D. Cal. Jan. 31, 2005). To state a claim under Section 1983, a plaintiff must allege that the defendant (1) acted under color of state law, and (2) deprived them of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").

Private individuals and entities do not act under color of state law. *See Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996); *see also Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) ("While generally not applicable to private parties, a § 1983 action can lie against a private party" only if he is alleged to be "a willful participant in joint action with the State or its agents.") (citation and quotation marks omitted). "The United States Constitution protects individual rights only from *government* action, not from *private* action." *Single Moms, Inc. v. Mont. Power Co.*, 331 F.3d 743, 746–47 (9th Cir. 2003) (emphasis in original). Here, Defendant Ayodele is a private party, and Plaintiff fails to allege facts to support a finding that Defendant Ayodele has acted under color of state law. Accordingly, Plaintiff has failed to state a cognizable Section 1983 claim.

4

### C. Racketeering

As with her first amended complaint, Plaintiff appears to assert a claim against defendant under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). "To state a civil RICO claim, plaintiff[ ] must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (5) causing injury to plaintiffs' 'business or property.'" *Ove v. Gwinn*, 264 F.3d 817, 825 (9th Cir. 2001) (quoting 18 U.S.C. § 1964(c)); *see also Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005) (identifying elements of a civil RICO claim). Plaintiff has made no such allegations in this action regarding the conduct of an enterprise through a pattern of racketeering activity.

### D. Criminal Claims

To the extent Plaintiff attempts to bring claims for attempted murder, "robbery," "theft," "stalking," attacking, or other criminal conduct (Doc. 11 at 5-6), "such criminal claims may not be pursued in a civil lawsuit." *Grimes v. A1-Auto Care*, No. 21-cv-02093-LL-BLM, 2022 WL 959273, at *3 (S.D. Cal. Mar. 30, 2022) (determining allegations of criminal actions, such as "grand theft" and "attempted vehicular manslaughter" may not be pursued in a civil lawsuit); *Smith v. Ayodele*, No. 1:24-cv-01100-JLT-SKO, 2024 WL 4729043, at *4 (E.D. Cal. Nov. 8, 2024), report and recommendation adopted, *Smith v. Ayodele*, No. 1:24-cv-1100 JLT SKO, 2024 WL 5202462 (E.D. Cal. Dec. 23, 2024) (concluding plaintiff could not bring criminal claims for "attempted murder" or "robbery" in civil action). *See United States v. Duran*, 41 F.3d 540, 544 (9th Cir. 1994) ("If the prosecutor has probable cause to believe a defendant committed a crime, the decision of whether to prosecute and the charges to be filed rests with the prosecutor.").

### E. Leave to Amend

When dismissing a complaint, the Ninth Circuit has consistently held that "leave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotation omitted). Granting Plaintiff leave to amend in this action would be futile considering Plaintiff's history of deficient filings and repeated advisement by the Court of the pleading and legal requirements stated in this order. *See*, *e.g.*, *Smith v. Chase Bank*, No.

5

1:25-cv-00330-SKO, 2025 WL 958755, at *5 (E.D. Cal. Mar. 31, 2025) (collecting cases; detailing Rule 8 pleading requirements, § 1983 legal standard, and inability to pursue criminal claims in state court action); *Smith v. Ayodele*, 2024 WL 4729043, at *4 (detailing Rule 8 pleading requirements, § 1983 legal standard, and inability to pursue criminal claims in state court action). The Court therefore finds that amendment of the complaint would be futile, and that this action should be dismissed without leave to amend.

### IV. Conclusion and Recommendation

For the reasons stated, IT IS HEREBY RECOMMENDED that this action be dismissed without leave to amend. The Clerk of the Court is DIRECTED to randomly assign a District Judge to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the Court. Any pages filed in excess of the 15-page limit may not be considered.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 21, 2025**          /s/ *Barbara A. McAuliffe*
                                                      UNITED STATES MAGISTRATE JUDGE